IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00946-PAB-CBS

JOAQUIN GONZALES,
        Plaintiff,
v.

CITY AND COUNTY OF DENVER by and through COMMUNITY PLANNING AND
DEVELOPMENT, and
MICHAEL SIZEMORE, in his personal capacity,
        Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on "Plaintiff's Motion for Leave to File

Amended Complaint and Jury Demand."  Pursuant to the Order Referring Case dated April

18, 2013 (Doc. # 4) and the memorandum dated July 23, 2012 (Doc. # 23), this matter was

referred to the Magistrate Judge.  The court has reviewed the Motion, the Response (filed

August 8, 2013) (Doc. # 25), the pleadings, the entire case file, the proceedings held on June

18, 2013 (*see* Courtroom Minutes/Minute Order (Doc. # 16)), and the applicable law and is

sufficiently advised in the premises.

        Proceeding *pro se*, Mr. Gonzales filed his initial Complaint on April 12, 2013, alleging

violation of the Equal Protection Clause of the Fourteenth Amended to the U.S. Constitution

by Defendants City and County of Denver and Sizemore and violation of Title VII, 42 U.S.C. §

2000e *et seq.*, by the City and County of Denver.  (*See* Doc. # 1).  Defendants filed their

Motion to Dismiss on May 21, 2013, arguing that both of Mr. Gonzales's claims are barred by

*res judicata*, that the § 1983 claim fails to state a claim upon which relief can be granted, and

that Sizemore has qualified immunity.  (*See* Doc. # 13).  Counsel for Mr. Gonzales entered

his appearance on July 3, 2013 and filed the instant Motion for Leave to File the Amended

Complaint on July 22, 2013.  (*See* Docs. # 17, # 21).  Mr. Gonzales's proposed Amended

Complaint withdraws his § 1983 claim against the City and retains his Title VII claim against

the City and Sizemore.  (*See* Doc. # 22-1).  Defendants object to Mr. Gonzales's Motion,

arguing that the proposed amendment is futile for failing to overcome the arguments raised in

the Motion to Dismiss.  (*See* Doc. # 25).  Defendants ask the court to hold Mr. Gonzales's

Motion for Leave to File the Amended Complaint in abeyance until after a ruling on the

Motion to Dismiss.

Defendants' arguments asserted in their Motion to Dismiss also apply to Mr.

Gonzalez's proposed Amended Complaint.  The District Court for the District of Colorado has

recognized that a futility argument under Rule 15(a) effectively places "the cart before the

horse."  *General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT,

2008 WL 2520423, at * 4 (D. Colo. 2008).  "Rather than force a Rule 12(b)(6) motion into a

Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12

motions until the operative complaint is in place."  *Id.*  At the very least, proceeding under

Rule 12 would avoid one round of objections under either Fed. R. Civ. P. 72(a) or (b).[1]  *Cf. In*

*re K-Dur Antitrust Litigation*, 338 F. Supp.2d 517, 528 (D. N.J. 2004) (noting efficiencies of

disposing of a motion to amend along with a Rule 12 motion);  *Leach v. Northern Telecom,*

*Inc.*, 790 F. Supp. 572, 573-74 (E.D.N.C. 1992) (reasoning that a pragmatic approach to

plaintiff's motion to amend assured the best use of judicial time and resources).

The court will permit the amended pleading and address Defendants' arguments to the

Amended Complaint.  Defendants may stand on their current Motion to Dismiss (Doc. # 13)

or may file a new Motion directed to the Amended Complaint.

---

[1]    An order denying a motion to amend may be dispositive if the order effectively
removes a claim or a party from the action.  *See Pedro v. Armour Swift-Eckrich*, 118 F.
Supp.2d 1155, 1157 (D. Kan. 2000)).

Accordingly, IT IS ORDERED that:

1.      "Plaintiff's Motion for Leave to File Amended Complaint and Jury Demand' (filed July 22, 2013) (Doc. # 22) is GRANTED.

2.      Plaintiff's proposed Amended Complaint (Doc. # 22-1) is accepted for filing as of the date of this Order.  The Clerk of the Court shall docket Doc. # 22-1 as the Amended Complaint.

3.      Defendants may stand on their pending Motion to Dismiss or may file a Motion to Dismiss directed to the Amended Complaint, on or before Friday, September 6, 2013.

DATED at Denver, Colorado, this 12th day of August, 2013.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge