IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 13-cv-00946-PAB-CBS

JOAQUIN GONZALES,
Plaintiff,
v.

CITY AND COUNTY OF DENVER by and through COMMUNITY PLANNING AND DEVELOPMENT, and
MICHAEL SIZEMORE, in his personal capacity,
Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendants' Motion to Dismiss. Pursuant to the Order Referring Case dated April 18, 2013 (Doc. # 4) and the memorandum dated May 21, 2013 (Doc. # 14), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Gonzales's Response (filed on July 22, 2013 (Doc. # 21)), Defendants' Reply (filed on August 2, 2013 (Doc. # 24), the operative pleading (filed on August 12, 2013 (Doc. # 27)), and the applicable law and is sufficiently advised in the premises.

## I. Statement of the Case

Mr. Gonzales filed his initial Complaint on April 12, 2013. (*See* Doc. # 1). On August 12, 2013, the court granted him leave to file his Amended Complaint ("AC") (Doc. # 27) and permitted Defendants to "stand on their pending Motion to Dismiss or . . . file a Motion to Dismiss directed to the Amended Complaint . . . ." (*See* Order (Doc. # 26)). Defendants "elect[ed] to stand on their previously filed Motion to Dismiss Complaint (ECF # 13)." (*See* Doc.

# 28*).*

Mr. Gonzales was terminated on April 15, 2011 from his employment as one of two Chief Inspectors for the Zoning and Neighborhood Inspection Service ("NIS") of the City and County of Denver for, *inter alia*, making false statements and falsely reporting work hours in violation of Career Service Rules. (*See* Doc. # 27 at ¶¶ 12, 16-18, 36-38, 40). On May 2, 2011, Mr. Gonzales appealed his dismissal to the Denver Career Service Authority ("CSA"). After a hearing that commenced on September 26, 2011 and concluded on October 17, 2011, the CSA Hearing Officer affirmed Mr. Gonzales's termination and dismissed his "claims of national origin discrimination." (*See* Decision and Order (Doc. # 13-1)).[1] Mr. Gonzales petitioned for review by the CSA Board. On April 19, 2012, the Board affirmed the Hearing Officer's Decision and Order. (*See* Decision and Order (Doc. # 13-2)). Having exhausted his administrative remedies, Mr. Gonzales filed an appeal in the District Court for the City and County of Denver. The court found "sufficient record evidence to support" Mr. Gonzales's termination and affirmed the judgment of the CSA Board. (*See* Opinion and Order (Doc. # 13-3)). Mr. Gonzales did not appeal the District Court's judgment to the Colorado Court of Appeals.

---

[1] When resolving a motion to dismiss pursuant to Rule 12(b)(6), the court may consider, in addition to the allegations of the complaint, "(1) documents that the complaint incorporates by reference, . . . (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, . . . and (3) matters of which a court may take judicial notice."). *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks and citations omitted). *See also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity"); *JP Morgan Trust Co.*, 413 F.Supp.2d at 1263 ("The motion relied on administrative rulings which are properly the subject of judicial notice that the court may consider in resolving a motion to dismiss."); *Martinez v. City and County of Denver*, No. 08–cv–01503–PAB–MJW, 2010 WL 1380529, at *1 (D.Colo. March 31, 2010) (taking judicial notice of administrative records from the EEOC while considering a Rule 12(b)(6) motion to dismiss). As the administrative record is subject to judicial notice, the court may consider it in reviewing Defendants' Motion to Dismiss.

Mr. Gonzales now seeks relief in this court for violation of his "right to equal protection as guaranteed under the Fourteenth Amendment . . . as enforced through the Civil Rights Act of 1871, 42 U.S.C. §1983" and for "discriminatory acts . . . due to his national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §2000e et seq." (*See* Doc. # 27 at 1 of 12). Mr. Gonzales asserts his equal protection claim against Defendant Sizemore and asserts his national origin discrimination claim against Defendant City and County of Denver.

II. Standard of Review

Defendants move to dismiss the AC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim to which relief can be granted.

> For a complaint to state a claim, it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8(a)'s short and plain statement language requires that a plaintiff allege enough factual matter that, taken as true, makes her claim to relief . . . plausible on its face. This plausibility standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. In considering a plaintiff's claims, the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.

*Garrett v. BNC Mortgage, Inc.*, 929 F. Supp. 2d 1120, 1123 (D. Colo. 2013) (internal quotation marks and citations omitted). Because Mr. Gonzales is proceeding *pro se*, the court construes his pleadings liberally. *Id.* (citations omitted).

III. Analysis

A. Doctrine of Res Judicata or Claim Preclusion Applied to Plaintiff's Claims

Defendants argue that Mr. Gonzales's claims are barred under the doctrine of res

judicata, or claim preclusion. “Res judicata doctrine encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion.” *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agriculture*, 378 F.3d 1132, 1135–36 (10th Cir. 2004). “Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered.” *Id.* (citation omitted). Under claim preclusion, “a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.” *Id.* (internal quotation marks and citation omitted). *See also Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) (“Pursuant to the doctrine of res judicata, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.”) (internal quotation marks and citation omitted).

“The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, 28 U.S.C. § 1738, which directs a federal court to refer to the preclusion law of the State in which judgment was rendered.” *Sierra Club v. Two Elk Generation Partners, Ltd.*, 646 F.3d 1258, 1264 (10th Cir. 2011). *See also Crocog Co. v. Reeves*, 992 F.2d 267, 269 (10th Cir. 1993) (“It is well established that [t]he federal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 (1982) to give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.”) (internal quotation marks and citations omitted). Defendants argue that the Colorado courts would give preclusive effect to the prior proceedings in this case. In Colorado, “[c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not.” *Salazar v. State Farm Mut. Auto. Ins. Co.*, 148 P.3d 278, 280 (Colo. App. 2006) (internal quotation marks and citation omitted). “The doctrine protects litigants from the burden

of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *Id.* "For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id.*

1. Title VII Claim against Defendant City and County of Denver

The Tenth Circuit Court of Appeals "faced a similar issue in" *Bolling v. City & County of Denver, Colo.*, "in which a discharged public employee brought a federal action after unsuccessfully pursuing an administrative claim and appealing to the state courts." 790 F.2d 67, 68 (10th Cir. 1986). "Colorado gives preclusive effect to a state court judgment that reviews an administrative determination." *Bolling*, 790 F.2d at 68 (citation omitted). *See also American Constitutional Law Foundation, Inc. v. Meyer*, No. 94-1145, 113 F.3d 1245, 1997 WL 282874, at * 5 (10th Cir. May 29, 1997) (Colorado "gives preclusive effect to a state court judgment that reviews an administrative determination.") (citations omitted). "Indeed, when a party files an action under Colo. R. Civ. P. 106(a)(4) to review an administrative determination, Colorado public policy requires the party to join all claims in one action." *Meyer*, 1997 WL 282874, at * 5 (citation omitted). "A plaintiff need not seek judicial review of an administrative decision, but if he or she does, Colorado law requires that all constitutional and statutory challenges must be litigated in one action." *Meyer*, 1997 WL 282874, at * 5 (citation omitted).

Mr. Gonzales argues that the Supreme Court of the United States "effectively overruled *Bolling*, at least in part," in *University of Tennessee v. Elliott*, 478 U.S. 788 (1986). The court disagrees with Mr. Gonzales's argument. The Tenth Circuit has analyzed "the issue of

collateral estoppel" under *Elliott.* *Stone v. Department of Aviation*, No. 07-1226, 290 F. App'x 117, 122 (10th Cir. Aug. 5, 2008). "Interpreting Title VII, the Supreme Court has held that decisions of state or local administrative bodies acting in a judicial capacity are not, by themselves, entitled to preclusive effect." *Stone*, 290 F. App'x at 122 (citing *Elliott*, 478 U.S. at 795-97). "Accordingly, a state court decision affirming a state agency determination is entitled to preclusive effect, so long as the state court proceeding provided the parties with a full and fair opportunity to litigate the case." *Id.* at 123 (citing, *inter alia*, *Bolling*, 790 F.2d at 68-69). "Thus our review for collateral estoppel purposes in a Title VII . . . case is confined to the judgments of the state courts, and not the underlying agency decision." *Id.* at 123 (citations omitted).

The court concludes that Mr. Gonzales's claims in this case are precluded by the State Court's judgment affirming the underlying judgment of the CSA. First, Mr. Gonzales had a full and fair opportunity to litigate his claims. He was represented by counsel in the administrative and State Court proceedings, where he conducted discovery, called and cross-examined witnesses, and presented evidence and argument. Second, the State Court's judgment was a final judgment on the merits. The District Court for the City and County of Denver issued its judgment on December 31, 2012. (*See* Doc. # 13-3). "[T]he time for filing a notice of appeal commences when judgment is final." *Collard v. Vista Paving Corp.*, 292 P.3d 1232, 1237 (Colo. App. 2012). (citations omitted). "An order is final if it ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Marks v. Gessler*, __ P.3d __, 2013 WL 3943248, at * 3 (Colo. App. Aug. 1, 2013). Mr. Gonzales did not appeal the District Court's judgment to the Colorado Court of Appeals and the time period for filing an appeal has expired. *See* C.A.R 4(a).

Further, there is identity of subject matter and of claims for relief between the State Court judgment and this federal action. In his initial appeal of his termination, Mr. Gonzales also claimed that his dismissal was based on his national origin. (*See* Doc. # 13-1 at 1 of 15; *see also* Appellant's Prehearing Statement (Doc. # 24-1) at 1-3, 7 of 8). The Hearing Officer's Decision and Order was based on proof by a preponderance of the evidence that Mr. Gonzales's conduct violated the Career Service Rules and that dismissal was appropriate discipline. (*See* Doc. # 13-1 at 6-9, 10-13 of 15). The Hearing Officer further determined that "[t]he evidence as a whole does not establish that the dismissal was motivated by an intent to discriminate against appellant based on his national origin." (*See* Doc. # 13-1 at 14 of 15).

In his Petition for Review of the Hearing Officer's Decision and Order, Mr. Gonzales listed his "claim of discrimination" among the grounds for his Petition for Review." (*See* Doc. # 24-2 at 3 of 4). In its Decision and Order, the CSA Board determined that "termination of employment was an appropriate and reasonable level of discipline" and that "the record demonstrates more than sufficient evidence supporting the Hearing Officer's findings and conclusions. . . ." (See Doc. # 13-2 at 4 of 5). The CSA Board recognized that "[t]he Hearing Officer found that the evidence as a whole does not establish that the dismissal was motivated by an intent to discriminate against Appellant because of his national origin." (*See id.* at 3 of 5).

Mr. Gonzales raised "four issues on appeal" in the State District Court: "(1) the hearing officer abused her discretion by placing the burden on Mr. Gonzales to disprove an essential fact underlying his dismissal; (2) the hearing officer abused her discretion by failing to compare Mr. Gonzales' action to those of his peer, Kristofek, for purposes of his claim of national origin discrimination; (3) the CSA Board failed to address his national origin discrimination claim in its review of the hearing officer's initial determination; and (4) there is no competent evidence in

the record to support charges of dishonesty and/or failure to maintain satisfactory working relationships." (*See* Doc. # 13-3 at 7 of 10). This lawsuit contains the same claims Mr. Gonzales raised in the State Court. In his "Complaint Pursuant to C.R.C.P. Rile 106(a)(4)," filed in the State Court, Mr. Gonzales raised his claim of national origin discrimination. (See Doc. # 24-3 at ¶¶ 27, 36, 38. h., g., 45). Mr. Gonzales's claims in this case arise from the same events and allege the same underlying facts as his claims in the State Court. The State District Judge agreed that the Hearing Officer erred in failing to compare Mr. Gonzales to co-employee Mr. Kristofek for purposes of his national origin discrimination claim. (*See* Doc. # 13-3 at 9 of 10). However, he ruled that any error was harmless because the record demonstrated that Mr. Kristofek was not similarly situated. (*See id.*). The State Court determined "there was insufficient evidence to demonstrate that Mr. Gonzales'[s] termination was racially motivated or discriminatory." (*See id.*).

Finally, there is an identity or privity between parties to this federal lawsuit and the State Court proceeding. *See S.O.V. v. People in Interest of M.C.*, 914 P.2d 355, 358 (Colo. 1996) ("Res judicata binds parties to the action and persons in privity with such parties."). It is undisputed that Mr. Gonzales and the City and County of Denver were parties to the State Court proceeding, where Mr. Gonzales asserted a claim that he was discriminated against based on his national origin. With all the elements required by Colorado state law met, the State Court judgment upholding Mr. Gonzales's termination and rejecting his claim for national origin discrimination is entitled to preclusive effect. Mr. Gonzales's Title VII claim against the City and County of Denver is barred by the doctrine of claim preclusion.

2. Equal Protection Claim against Defendant Sizemore

Based on claim preclusion Defendants also move to dismiss Mr. Gonzales's §1983 equal protection claim against Defendant Sizemore in his individual capacity. Defendants argue that there was identity or privity between the City and County of Denver and Mr. Sizemore during the State administrative and District Court proceedings. The court does not agree.

"A government official sued in his individual or personal capacity presents a different case from that of an official sued in his official capacity." *Brewer v. Dupree*, No. 00-T-543-N, 2003 WL 23507795, at * 3 (M.D. Ala. 2003) (citing *Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir.1987) ("[A] judgment against a government does not bind its officials sued in their personal capacities"); *Roy v. City of Augusta, Me.*, 712 F.2d 1517, 1521–522 (1st Cir. 1983) ("an action brought against an individual in one capacity does not bar a later action brought against the same individual in a different capacity"); C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4458, at 508 (1981) ("The relationships between a government and its officials justify preclusion only as to litigation undertaken in an official capacity. Thus a judgment against a government does not bind its officials in subsequent litigation that asserts a personal liability against the officials.")). "[A] number of courts have held that government employees in their individual capacities are not in privity with their government employer." *Stancuna v. Sherman*, 563 F. Supp. 2d 349, 353-54 (D. Conn. 2008) (citations omitted). *See also Warnock v. Pecos County*, 116 F.3d 776 (5th Cir. 1997) (holding that a prior suit against a municipality does not bar a later suit against local officials in their individual capacity); *Conner v. Reinhard*, 847 F.2d 384, 395 (7th Cir. 1988) (holding that a prior suit against a municipality does not bar a subsequent suit against officials individually because official capacity and personal capacity suits involve different legal theories and defenses); *Johnson v. District of Columbia*, No. 04-

936(RMC), 2005 WL 1903551, at * 6 (D.D.C. July 20, 2005) ("Courts generally do not consider an official sued in his personal capacity in privity with the government"). Claim preclusion does not bar Mr. Gonzales's § 1983 claim against Defendant Sizemore in his individual capacity.

3. Qualified Immunity

Defendants argue that Defendant Sizemore in his individual capacity has qualified immunity from Mr. Gonzales's Equal Protection claim. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id*.

The fundamental guarantee of the Equal Protection Clause is that "all persons similarly situated shall be treated alike." *Kerr v. Hickenlooper*, 880 F. Supp. 2d 1112, 1155 (D. Colo. 2012) (citation omitted), c*ertification for interlocutory appeal granted,* No. 11-cv-1350-WJM-BNB, 2010 WL 4359076 (D. Colo. Sept. 21, 2012). The Equal Protection Clause "does not forbid classifications," but "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Furlong Enterprises, LLC v. Nickerson*, 785 F.Supp.2d 970, 979 (D. Colo. 2011) (citation omitted). "[T]o assert a viable equal protection

claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them." *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (internal quotation marks and citation omitted).

Defendants argue that "[t]here is no evidence that Defendant was aware that his discipline recommendation concerning Plaintiff violated equal protection of law." However, on a motion to dismiss pursuant to Rule 12(b)(6), the court does not evaluate the evidence. Mr. Gonzales alleges that, based on his national origin, Defendant Sizemore treated him differently than the only other Chief Inspector, Mr. Kristofek. Mr. Gonzales pleads facts to support comparison to Mr. Kristofek. The facts as pled by Mr. Gonzales are sufficient to establish a plausible claim for a violation of his right to equal protection. With respect to the second prong of the test, a right is clearly established if it would have been "clear to a reasonable [person] that his conduct was unlawful under the circumstances presented." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (citations and internal quotation marks omitted). The law was clearly established that "national origin discrimination can violate the Fourteenth Amendment right to equal protection of the law and state a cause of action under 42 U.S.C. § 1983." *Ramirez v. Department of Corrections,* 222 F.3d 1238, 1243 (10th Cir. 2000) (citation omitted). At this stage of the litigation, Defendant Sizemore is not entitled to qualified immunity.

Accordingly, IT IS RECOMMENDED that:

1. Defendants' Motion to Dismiss (filed on May 21, 2013) (Doc. # 13) be GRANTED IN PART AND DENIED IN PART.

2. Mr. Gonzales's Second Cause of Action against the City and County of Denver's Community Planning and Development agency be dismissed for failure to state a claim to which

relief can be granted, based on claim preclusion.

3. Defendant City and County of Denver be dismissed from this civil action.

4. This action proceed on Mr. Gonzales's First Cause of Action against Defendant Sizemore for denial of his Fourteenth Amendment right to equal protection, pursuant to 42 U.S.C. § 1983.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to

object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 13th day of January, 2014.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge