IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00946-PAB-CBS

JOAQUIN GONZALES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, by and through Community Planning and Development, and
MICHAEL SIZEMORE, in his personal capacity,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 31]. The magistrate judge recommends that the Court grant Defendants' Motion to Dismiss [Docket No. 13] with respect to defendant City and County of Denver, Community Planning and Development (the "City") and deny the motion with respect to defendant Michael Sizemore. On January 23, 2014, Mr. Sizemore filed timely objections [Docket No. 32] to the Recommendation and, on January 27, 2014, plaintiff Joaquin Gonzales filed timely objections to the Recommendation. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

**I. ANALYSIS**

The relevant factual history is set forth in the Recommendation and will not be

recited here. *See* Docket No. 31 at 1-3. The magistrate judge recommends that the Court dismiss plaintiff's Title VII claim[1] against the City on the basis that it is precluded by plaintiff's previous state court lawsuit. Docket No. 31 at 5-8. The magistrate judge recommends that the Court deny defendants' motion to dismiss plaintiff's Equal Protection claim[2] against Mr. Sizemore because Mr. Sizemore is not in privity with the City.

### A. Notice of Bankruptcy

On February 7, 2014, Mr. Sizemore filed a Notice of Automatic Stay [Docket No. 34] on his own behalf. The notice states, in part:

> 2. Undersigned counsel recently discovered that Mr. Sizemore filed for Chapter 13 bankruptcy on July 18, 2011. Defendant had moved out of state and previous correspondence to his last known address had not been forwarded until recently.[3]
>
> 3. Defendant Sizemore requests a stay of these proceedings. This stay would not affect proceedings against Defendant City and County of Denver.

Docket No. 34 at 1 (internal citation omitted).

The filing of a bankruptcy petition operates as an automatic stay, "applicable to

---

[1] Plaintiff alleges that the City violated Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, by terminating his employment on the basis of his national origin. Docket No. 27 at 10-11.

[2] Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 against Mr. Sizemore, alleging that Mr. Sizemore violated the Equal Protection Clause of the Fourteenth Amendment by causing plaintiff to be placed on investigatory suspension and then terminated on the basis of plaintiff's national origin. Docket No. 31 at 9-10.

[3] Mr. Sizemore notified the bankruptcy court on June 17, 2013 that all documents should be sent to an address in North Dakota. No. 11-27019-HRT, Notice of Change of Address [Docket No. 55] (Bankr. D. Colo. June 17, 2013).

2

all entities," of, *inter alia*, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). In the case of a petition for bankruptcy filed under Chapter 13, the automatic stay bars pre-petition litigation against the debtor until the case is closed, dismissed, or converted to a case under Chapter 7. 11 U.S.C. § 362(c)(2).

Mr. Sizemore filed for bankruptcy on July 18, 2011. *See* No. 11-27019-HRT, Chapter 13 Voluntary Petition [Docket No. 1] (Bankr. D. Colo. July 18, 2011). Mr. Gonzales filed the case currently before the Court on April 12, 2013. Docket No. 1. Mr. Gonzales' claim against Mr. Sizemore arises under 42 U.S.C. § 1983 and is based on Mr. Sizemore's actions in terminating Mr. Gonzales from his employment on April 15, 2011. *See* Docket No. 27 at 9, ¶ 40. Mr. Gonzales was not required to exhaust available state remedies before bringing a § 1983 claim against Mr. Sizemore. *See Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 516 (1982) ("exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983"). Since this case could have been commenced, with respect to Mr. Sizemore, before the bankruptcy filing, it is subject to the automatic stay until the bankruptcy case is closed, dismissed, or converted to a case under Chapter 7. *See* 11 U.S.C. § 362(c)(2); No. 11-27019-HRT, Order Modifying Confirmed Chapter 13 Plan [Docket No. 83] (Bankr. D. Colo. Jan 21, 2014).

Mr. Sizemore states that Mr. Gonzales' claim against the City should not be stayed. "As a general proposition, this automatic stay provision of the Bankruptcy Code

applies only to bar actions against the debtor and does not extend to solvent codefendants." *C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1009-10 (N.D. Iowa 2001) (listing cases). An exception exists in those cases where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id*. at 1011 (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *see also In re Thornburg Mortg., Inc. Sec. Litig.*, 824 F. Supp. 2d 1214, 1279 (D.N.M. 2011) (automatic stay did not apply to securities claim against officers of corporation in bankruptcy proceeding where officers' liability was only one element of debtor's liability); *Hounddog Productions, L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 485 (S.D.N.Y. 2011) ("The automatic stay may apply to non-bankrupt defendants only in special circumstances, usually when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate, [citation], or where removing the stay would pose a serious threat to the debtor's reorganization efforts.") (internal citations omitted).

   The City and Mr. Sizemore do not share "such identity" that Mr. Sizemore "may be said to be the real party defendant" with respect to plaintiff's claim against the City, such that "a judgment against [the City] will in effect be a judgment or finding against" Mr. Sizemore. *See C.H. Robinson Co.*, 180 F. Supp. 2d at 1011. There is no indication that a ruling on plaintiff's claim against the City would "pose a serious threat to [Mr. Sizemore's] reorganization efforts." *See Hounddog Productions*, 767 F. Supp. 2d at

485. Accordingly, this matter will not be stayed with respect to plaintiff's claim against the City.

### B. Preclusive Effect of State Court Judgment on Title VII Claim against the City

Plaintiff objects to the finding that his Title VII claim against the City is precluded by the previous state court litigation. Docket No. 33.

First, plaintiff criticizes the magistrate judge's reliance on *Bolling v. City & County of Denver, Colo.*, 790 F.2d 67 (10th Cir. 1986). The plaintiff in *Bolling* appealed her termination to Denver's Career Service Board ("CSB"), which upheld the termination, and then sought review in the District Court for the City and County of Denver, Colorado. *Id*. at 68. The plaintiff did not raise a discrimination claim before the CSB or in state court. *Id*. However, she later filed a discrimination claim pursuant to § 1983 based on her termination in federal court. *Id*. at 67-68. The Tenth Circuit held that res judicata barred the plaintiff from raising her employment discrimination claims "based on race or sex" in federal court because "she could have brought but failed to assert [those claims] in the state proceedings."[4] *Id*. The court explained that:

> Colorado gives preclusive effect to a state court judgment that reviews an administrative determination. *See Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277, 280-81 (1978) (en banc). Moreover, when a party files an action under Colo. R. Civ. P. 106(a)(4) to review an administrative determination, as Bolling did here, Colorado "public policy requires the joinder of all of the petitioner's claims in one action." *Powers v. Board of County Commissioners*, 651 P.2d 463, 464 (Colo. Ct. App. 1982); *see also Norby*, 577 P.2d at 281. Even if we were to assume that the Board was not authorized to grant Bolling all the monetary relief she seeks in her federal

---

[4]State court judgments are accorded the "same full faith and credit" in federal court as they would be in the courts of the State in which they were decided. 28 U.S.C. § 1738.

> claims, she could have joined her claims for that relief in her state court proceeding and was required by Colorado public policy to do so.

*Id*. In other words, the court held that plaintiff's discrimination claims were barred because she was afforded a full and fair opportunity to litigate them in state court alongside her administrative appeal, although she chose not to do so. *Id*. at 69.

Plaintiff asserts that "the U.S. Supreme Court effectively overruled [*Bolling*] for Title VII claims . . . in *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796 (1986)." Docket No. 33 at 7. Plaintiff mischaracterizes the effect of *Elliott*, which held that "Congress did not intend *unreviewed* state administrative proceedings to have preclusive effect on Title VII claims." *Id*. (emphasis added). *Elliott* did not alter the preclusive effect accorded to state court opinions reviewing state administrative decisions. *See id*. *Bolling* continues to be good law in the Tenth Circuit. *See Stone v. Dep't of Aviation*, 290 F. App'x 117, 123 (10th Cir. 2008) ("*Stone II*") (citing *Bolling* for the proposition that a "state court decision affirming a state agency determination is entitled to preclusive effect, so long as the state court proceeding provided the parties with a full and fair opportunity to litigate the case").

Plaintiff next argues that Colorado Rule of Civil Procedure 106 "prevented him from litigating [his discrimination claim] fully in state court." Docket No. 33 at 8. Plaintiff states that his complaint "was limited to whether the Board had made necessary and sufficient findings of fact and conclusions of law in connection" with his Rule 106 claim and that he "did not even ask the state district court to determine whether Defendant City had discriminated against him." *Id*.

Plaintiff's decision not to assert his discrimination claims before the state court

6

was just that–his decision. It was not the result of Rule 106, which expressly provides for the joinder of related claims to a request for review of a state administrative decision. Colo. R. Civ. P. 106(a)(4)(VI) ("[w]here claims other than claims under this Rule are properly joined in this action, the court shall determine the manner and timing of proceeding with respect to all claims"); *see also Powers*, 651 P.2d at 464 ("When a C.R.C.P. 106(a)(4) action is timely filed, public policy requires the joinder of all of the petitioner's claims in one action."); *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275-77 (10th Cir. 2006) (applying compulsory counterclaim rule in the context of a Rule 106 proceeding) ("*Stone I*"). Plaintiff's decision to litigate his discrimination claims in a different forum as opposed to joining them with his claim for administrative review contravenes both Colorado public policy, *see Powers*, 651 P.2d at 464, and his "obligation to bring all related claims together in the same action [] under the common law rule of claim preclusion prohibiting the splitting of actions." *See Stone I*, 453 F.3d at 1278 (citing the Restatement (Second) of Judgments § 24)).

Finally, plaintiff contends that he was unable to assert his Title VII claim before the state court because he did not receive a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") until April 10, 2013, several months after the state court issued its opinion on December 31, 2012. Docket No. 33 at 9-10; *see* Docket No. 13-3 at 1. Plaintiff argues that requiring him to request a right-to-sue letter early would run counter to the policy encouraging Title VII plaintiffs to participate in conciliation, while requiring him to stay his claim under Rule 106 would "frustrate[] the goal of speedy judicial review" of administrative decisions. Docket No. 33 at 10.

Plaintiff states that he was "caught between the Syclla [sic] of pursuing and exhausting his administrative remedies in state court and the Charybdis of seeking to have the EEOC investigate, determine whether there was probable cause, and attempt to conciliate his Title VII claims." *Id*.

The case from which plaintiff borrowed this metaphor, *Scroggins v. State of Kan., Dep't of Human Resources, Div. of CETA*, 802 F.2d 1289, 1292 (10th Cir. 1986), applied Kansas law, under which it is necessary to appeal a CSB's decision to state district court in order to fully exhaust one's administrative remedies.  In Colorado, review under Rule 106 is not a necessary part of exhaustion.  On the contrary, a plaintiff in Colorado "need not seek judicial review of administrative proceedings, but if he does, Colorado requires" him to bring all related claims in a single action.  *Bolling*, 790 F.2d at 68 n.1.

The Tenth Circuit held in *Wilkes v. Wyo. Dep't of Employment Div. of Labor Stds.*, 314 F.3d 501, 506 (10th Cir. 2002), that a plaintiff's Title VII claim is precluded by a previous lawsuit in which the plaintiff could have raised it, but did not, even if the plaintiff did not receive a right-to-sue letter during the pendency of the litigation.  The court held that a plaintiff must either request the letter after the 180-day investigation period expires or stay the litigation pending completion of the EEOC's administrative process.  *Id*.  Under the framework set forth in *Wilkes*, a plaintiff may choose to either accelerate his Title VII claim and obtain a more rapid judicial resolution of the case or delay his other claims to permit the EEOC to work towards conciliation of his claim. *See id*.  The Tenth Circuit did not find this choice to be problematic from a policy

perspective.[5]  *See id*.

In sum, plaintiff's Title VII claim against the City is precluded by the previous state court litigation.

## II. CONCLUSION

Wherefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 31] is ADOPTED in part.  It is further

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 13] filed by defendants the City and County of Denver, Community Planning and Development and Michael Sizemore is GRANTED in part.  Plaintiff's Title VII claim against the City is dismissed.  The City is dismissed from this case.  It is further

**ORDERED** that, pursuant to the Court's authority under D.C.COLO.LCivR 42.1, this case shall be administratively closed.  The case may be reopened by either party upon a showing of good cause.  It is further

---

[5] Furthermore, Rule 106(a)(4)(VI) accords state court judges the flexibility to "determine the manner and timing of proceeding with respect to all claims," suggesting the possibility of accommodating a plaintiff's desire for both a speedy ruling on his administrative claim and the benefit of the EEOC's conciliation process within a single state court proceeding.

**ORDERED** that the parties shall file, either jointly or separately, a status report within 30 days of any action that serves to lift the automatic stay. The status report shall indicate what the action was, the purported impact, and how the party or parties intend to proceed in this case.

DATED February 19, 2014.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge