IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00946-PAB-CBS

JOAQUIN GONZALES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, by and through Community Planning and Development, and
MICHAEL SIZEMORE, in his personal capacity,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 31]. This case arises out of the 2011 termination of plaintiff Joaquin Gonzales from his position as a Chief Inspector for the Zoning and Neighborhood Inspection Service of the City and County of Denver. The magistrate judge recommends that the Court deny Defendants' Motion to Dismiss [Docket No. 13] with respect to defendant Michael Sizemore. On January 23, 2014, Mr. Sizemore filed timely objections [Docket No. 32] to the Recommendation. On February 7, 2014 the Court received notice that Mr. Sizemore had filed for bankruptcy. Docket No. 34. Accordingly, on February 19, 2014, the Court administratively closed the case pending notice from the parties that the automatic stay had been lifted. Docket No. 41 at 9, 10. On April 22, 2014, the Court reopened the case, Docket No. 44, after plaintiff indicated that he had obtained relief from the automatic stay on April 15, 2014 to

pursue his claim against Mr. Sizemore. Docket No. 43. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

**I. ANALYSIS**

The relevant factual history is set forth in the Recommendation and will not be recited here. *See* Docket No. 31 at 1-3. The magistrate judge recommends that the Court deny defendants' motion to dismiss plaintiff's Equal Protection claim[1] against Mr. Sizemore because Mr. Sizemore, having been sued in his individual capacity, is not in privity with the City. Docket No. 31 at 9-11. Mr. Sizemore objects to the Recommendation in part on the basis that plaintiff is precluded from relitigating the issue of discrimination. Docket No. 32 at 8.

Issue preclusion prevents relitigation of only those specific issues that were actually litigated and decided in a previous proceeding. *Gallegos v. Colo. Ground Water Comm'n*, 147 P.3d 20, 32 (Colo. 2006). It applies where (1) the issue in question was actually litigated and necessarily adjudicated; (2) the party against whom preclusion is sought was a party or is in privity with a party to the previous proceeding; (3) the previous proceeding ended in a final judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue. *Id*. An issue is "actually litigated" if it is "raised by the parties in the prior action" and it is "necessarily adjudicated" if "a determination on that issue [is] necessary to a judgment."

---

[1] Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 against Mr. Sizemore, alleging that Mr. Sizemore violated the Equal Protection Clause of the Fourteenth Amendment by causing plaintiff to be placed on investigatory suspension and then terminated on the basis of plaintiff's national origin. Docket No. 31 at 9-10.

*Stone v. Dep't of Aviation*, 290 F. App'x 117, 123 (10th Cir. 2008) (internal citation omitted).

Mr. Sizemore argues that the "sole issue [in this case] is whether Defendants discriminated against Plaintiff on the basis of his national origin when he was dismissed from his employment" and that this "issue has been fully litigated in state court." Docket No. 32 at 8. Plaintiff does not address Mr. Sizemore's issue preclusion argument in his response to Mr. Sizemore's objections. *See* Docket No. 39.

The state court addressed the following arguments advanced by plaintiff:

> (1) the hearing officer abused her discretion by placing the burden on Mr. Gonzalez to disprove an essential fact underlying his dismissal; (2) the hearing officer abused her discretion by failing to compare Mr. Gonzales' actions to those of his peer, Kristofek, for purposes of his claim of national-origin discrimination; (3) the CSA Board failed to address his national origin discrimination claim in its review of the hearing officer's initial determination; and (4) there is no competent evidence in the record to support charges of dishonesty and/or failure to maintain satisfactory working relationships.

Docket No. 32-3 at 7. With respect to plaintiff's second argument, the state court found that:

> The hearing officer's findings demonstrate that Kristofek was not similarly situated to Mr. Gonzales with respect to the reasons for termination. There was no evidence that Kristofek lied to his colleagues and/or his superiors about granting paid leave. Further, in the one instance that Kristofek granted such leave, he staggered the time off to ensure office coverage. This was done under the guidance of his more experienced colleague, Mr. Gonzales, and occurred early in his tenure when his manager, Sizemore, was on leave.

Docket No. 13-3 at 9. With respect to plaintiff's third argument, the state court found that:

> [T]he Board *did* address Mr. Gonzales' discrimination defense. On page three of its Decision and Order, the Board listed all of the hearing officers' findings, including her finding that "the evidence as a whole does not establish that the dismissal was motivated by an intent to discriminate

> against [Mr. Gonzales] because of his national origin, Hispanic." On the next page of its Order, the Board considered Mr. Gonzales' appeal and upheld the hearing officer's findings, stating "the record demonstrates more than sufficient evidence supporting the Hearing Officer's findings and conclusions and the decision is therefore not clearly erroneous." . . .
>
> Here, the CSA Board finding, "taken together with reasonable implications based upon its assessment of the totality of the evidence presented at the hearing, are adequate to apprise the Court of the basis of its decision." Thus the Court finds the Board did not err as Mr. Gonzales claims.

Docket No. 13-3 at 9-10 (internal citations omitted). The state court also found that there was "competent evidence to support [plaintiff's] termination for dishonesty and failure to maintain satisfactory working relationships." *Id*.

The elements of issue preclusion are satisfied with respect to plaintiff's discrimination claim. First, the state court determined that Mr. Kristofek is not similarly situated to plaintiff, a key element in plaintiff's claim. *See* Docket No. 27 at 10, ¶ 44 ("No other similarly situated non-Hispanic employee has been subjected to the same unequal treatment or deprivation of constitutional equal protection rights as Plaintiff Gonzales."); Docket No. 31 at 11 ("Mr. Gonzales alleges that, based on his national origin, Defendant Sizemore treated him differently than the only other Chief Inspector, Mr. Kristofek."). Plaintiff's complaint does not allege any other circumstances giving rise to an inference of discrimination. *See Plotke v. White*, 405 F.3d 1092, 1101 (10th Cir. 2005) ("a variety of circumstances [] can give rise to an inference of discriminatory motive, including: 'actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus . . ., preferential treatment given to employees outside the protected class . . ., a pattern of recommending the plaintiff for positions for which [he] is not qualified [or over-qualified] and failure to surface plaintiff's name for

positions for which [he] is well-qualified. A plaintiff might also rely upon the fact that the defendant, following plaintiff's termination, continued to seek applicants to fill the position'") (citation omitted); *see generally* Docket No. 27.

Furthermore, the state court found that the Denver Career Service Authority ("CSA") Board considered and rejected plaintiff's discrimination claim and that the Board did not err in finding the plaintiff was terminated for legitimate and non-discriminatory reasons, namely, dishonesty and failure to maintain satisfactory relationships. *See* Docket No. 13-3 at 10. Thus, the issue of whether plaintiff's termination was based on unlawful national origin discrimination was actually litigated by the parties and necessary to the state court's determination that remand was unwarranted.

Plaintiff does not dispute that the remaining three elements of issue preclusion are satisfied insofar as plaintiff was a party to the state court action and is a party to this action, the state court action resulted in a final judgment on the merits, and plaintiff had a full and fair opportunity to litigate the issue. *See Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001) ("[A] full and fair opportunity to litigate an issue requires 'the availability of procedures in the earlier proceeding commensurate with those in the subsequent proceeding.'"). Therefore, even if Mr. Sizemore is not in privity with the City, the fact that plaintiff is precluded from relitigating the issue of discrimination precludes his claim against Mr. Sizemore in his individual capacity as well.

In sum, plaintiff is precluded from relitigating the issue of whether his termination was the result of unlawful discrimination on the basis of national origin.

## II. CONCLUSION

Wherefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 31] is ADOPTED in part. It is further

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 13] filed by defendants the City and County of Denver, Community Planning and Development (the "City") and Michael Sizemore is GRANTED in part. Plaintiff's claim against Mr. Sizemore under 42 U.S.C. § 1983 is DISMISSED. It is further

**ORDERED** that the Joint Request for Ruling with Respect to Defendant Sizemore's Objections to Recommendation of Magistrate Judge [Docket No. 48] is DENIED as moot. It is further

**ORDERED** that this case is CLOSED.

DATED March 10, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge