IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00946-PAB-CBS

JOAQUIN GONZALES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, by and through Community Planning and Development, and
MICHAEL SIZEMORE, in his personal capacity,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Motion to Amend or Alter the Judgment [Docket No. 51] filed by plaintiff Joaquin Gonzales. As relevant to this order, on March 10, 2015, the Court granted in part defendants' motion to dismiss on the grounds that plaintiff's claims against defendant Michael Sizemore are barred by the doctrine of issue preclusion. Docket No. 49.[1] Final judgment entered in this matter on March 12, 2015. Docket No. 50. Plaintiff seeks an order vacating final judgment on the ground that issue preclusion was not properly before the Court. The relevant factual background is discussed in the Court's March 10, 2015 Order, *see* Docket No. 49 at 3-5, and the January 13, 2014 Recommendation of United States Magistrate Judge (the "Recommendation"), *see* Docket No. 31 at 1-2, and will not be recited here except as

---

[1] In its March 10, 2015 Order, the Court also adopted the portion of the Recommendation of United States Magistrate Judge (Docket No. 31) that found that plaintiff's claim against the City and County of Denver was barred by the doctrine of claim preclusion. Docket No. 49; *see also* Docket No. 31 at 6-8.

necessary to resolve the instant motion.

## I. ANALYSIS

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend judgment no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Such a motion is appropriate in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," and may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The decision to grant or deny a Rule 59 motion is committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff argues that the Court dismissed plaintiff's complaint on a ground that was not raised by defendants' motion to dismiss or by the Recommendation. Docket No. 51 at 2. Specifically, plaintiff argues that defendants sought dismissal on the ground that plaintiff's claims were barred by claim preclusion, while the Court found that those claims were barred by issue preclusion. *See id.*

Defendants' motion to dismiss argued that plaintiff's claims were barred by the doctrine of res judicata. *See* Docket No. 13 at 4-5. As plaintiff notes, Docket No. 53 at 2, the Tenth Circuit has, at times, used the phrase "res judicata" to refer generally to

both claim and issue preclusion. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006); *Park Lake Resources Ltd. Liability Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1135 ("Res judicata doctrine encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion"). Other cases, however, have used the phrase "res judicata" to refer exclusively to claim preclusion, reserving the term "collateral estoppel" for issue preclusion. *See, e.g.*, *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.1 (10th Cir. 1999) (substituting the phrase "claim preclusion" where the parties used the more general "res judicata").

Plaintiff argues that defendants' motion to dismiss was limited to claim preclusion because the case on which defendants principally relied, *Bolling v. City and Cty. of Denver*, 790 F.2d 67 (10th Cir. 1986), was decided on the basis of claim preclusion. *Bolling* involved a claim that, like the claims at issue in this case, was barred by an adverse decision of the Career Service Board of the City and County of Denver that was subsequently upheld on judicial review by the District Court for the City and County of Denver, Colorado. *Id.* at 68. The Tenth Circuit evaluated the case under the full faith and credit provision of 28 U.S.C. § 1738 and found that, because Colorado gives preclusive effect to state court judgments that review administrative determinations and because Colorado public policy "requires the joinder of all of the petitioner's claims in one action," the plaintiff was barred from asserting any claims in federal court that she could have brought in her state court proceeding. *Id.* (citation and quotation omitted).[2]

---

[2] 28 U.S.C. § 1738 provides that the judicial proceedings of any state court "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

The *Bolling* court, however, also found that the state court proceedings included sufficient procedural protections, noting that "the doctrine of collateral estoppel does not apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate the claim or issue." *Id.* (citation omitted). Given *Bolling*'s finding concerning an element of issue preclusion,[3] its holding does not neatly fit into either the "claim preclusion" or "issue preclusion" category.

Even accepting plaintiff's argument that defendants' reliance on *Bolling* did not properly invoke issue preclusion, defendants' reply clarified any ambiguity. In their reply, defendants argued that the four elements of issue preclusion were satisfied in this case because plaintiff's claim of national origin disparate treatment was fully and fairly litigated at the state court level. Docket No. 24 at 6-7. Additionally, Mr. Sizemore raised issue preclusion again in his objection to the Recommendation. *See* Docket No. 32 at 8 ("Issue preclusion should . . . apply in this case because the sole issue is whether Defendants discriminated against Plaintiff on the basis of his national origin when he was dismissed from his employment. That issue has been fully litigated in state court."). Even if plaintiff believed that defendants improperly raised issue preclusion for the first time on reply, plaintiff had the opportunity to address this argument in responding to Mr. Sizemore's objection. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (noting that a nonmoving party should be given an

---

[3]Under Colorado law, issue preclusion applies where (1) the issue in question was actually litigated and necessarily adjudicated; (2) the party against whom preclusion is sought was a party or is in privity with a party to the previous proceeding; (3) the previous proceeding ended in a final judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue. *Gallegos v. Colo. Ground Water Commc'n*, 147 P.3d 20, 32 (Colo. 2006).

opportunity to respond to new arguments in a reply). Plaintiff did not do so. *See* Docket No. 39.

Moreover, assuming plaintiff did not have the opportunity to submit briefing on issue preclusion, plaintiff has not demonstrated any "clear error" or "manifest injustice" sufficient to grant relief under Rule 59(e). *Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff's motion does not contain evidence or argument sufficient to call into question the Court's holding that his claim against Mr. Sizemore is barred by the doctrine of issue preclusion. Plaintiff's only assertion is that a key element of his discrimination claim, whether plaintiff was treated differently than similarly situated employees, was not fully litigated in the earlier proceedings. Docket No. 53 at 5-6. Specifically, plaintiff argues that the City hearing officer concluded that plaintiff was not similarly situated to Mr. Sizemore only, while plaintiff alleges in this case that two other employees, Tim Kristofer and Tom Kennedy, were similarly situated. *Id.* The alleged disparate treatment of plaintiff, Mr. Kristofer, and Mr. Kennedy, however, was fully litigated in the state proceedings. The Career Service Board found that plaintiff was not similarly situated to Mr. Kennedy because Mr. Kennedy's grants of time off were governed by previous standards not in effect at the time of plaintiff's termination. Docket No. 13-1 at 14. In affirming the decision of the Career Service Board, the district court found that plaintiff was not similarly situated to Mr. Kristofek because "[t]here was no evidence that Kristofek lied to his colleagues and/or his superiors about granting paid leave." Docket No. 32-3 at 9.

In sum, the Court finds that issue preclusion was properly before the Court at the time the Court ruled on Mr. Sizemore's objection to the Recommendation. The Court

further finds that plaintiff has not demonstrated any clear error or manifest injustice in the Court's finding that his claim against Mr. Sizemore is barred by the doctrine of issue preclusion. As a result, the Court will not amend or modify the judgment entered in this case.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff Joaquin Gonzales's Motion to Amend or Alter the Judgment [Docket No. 51] is **DENIED**.

DATED March 7, 2016.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge